WILLIAM RUBACK, Respondent, *v.* McCLEARY, WALLIN & CROUSE, Appellant.

Practice — nonsuit — new trial cannot be directed after motion for a nonsuit has been granted — master and servant — negligence — action for injuries to servant by explosion of tank — when cause of explosion is uncertain and left by evidence entirely to speculation plaintiff cannot recover.

1. There is no authority for directing a new trial after a motion for a nonsuit has been granted since there then remains nothing to try, plaintiff's alleged cause of action having been entirely eliminated.

2. The plaintiff, while employed in defendant's plant, sustained personal injuries by the bursting of a tank, the purpose of which was to receive water forced into it by an electric pump from a cistern which was supplied by a pipe running to a creek nearby. There was a gauge on the tank indicating the pressure, and a regulator on the pump, designed to control the pressure by limiting or increasing the amount of water. On the day of the accident the tank exploded and parts of it were thrown against the plaintiff, inflicting injury of which he complains. The explosion was undoubtedly due to the pressure in the tank. The claim is that defendant permitted the place where plaintiff was working to become unsafe by negligently permitting the regulator to become charged with waste, thus increasing the pressure on the tank and causing the injury. *Held,* that the cause of the increased pressure on the tank, at the time the explosion occurred, was by the evidence on the trial left entirely to speculation, and that a verdict holding defendant responsible is without evidence to sustain it.

*Ruback* v. *McCleary, Wallin & Crouse,* 163 App. Div. 96, reversed.

(Argued February 1, 1917; decided February 27, 1917.)

APPEAL from so much of an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 17, 1914, as modifies a judgment entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a motion for a nonsuit and for a new trial by striking therefrom the order for nonsuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Warnick J. Kernan* for appellant. There is no evidence sufficient to give rise to any question of negligence on the part of defendant on any theory that the regulator was not a sufficient safety device. (*Quigley* v. *Levering,* 167 N. Y. 58; *Crispin* v. *Babbitt,* 81 N. Y. 516; *Slater* v. *Jewett,* 85 N. Y. 61; *Harvey* v. *N. Y. C. & H. R. R. R. Co.,* 88 N. Y. 481; *Stringham* v. *Hilton,* 111 N. Y. 188; *Cullen* v. *Norton,* 126 N. Y. 1; *Corcoran* v. *D., L. & W. R. R. Co.,* 126 N. Y. 673; *Cooper* v. *N. Y., O. & W. R. R.*

**190** RUBACK *v.* McCLEARY, WALLIN & CROUSE.

*Co.,* 25 App. Div. 383; *Geoghagan* v. *Atlas S. S. Co.,* 146 N. Y. 369; *Conyes* v. *Oceanic Amusement Co.,* 202 N. Y. 408; *Madigan* v. *Oceanic Steam Nav. Co.,* 178 N. Y. 242; *Hermann* v. *Port Blakely Mill Co.,* 71 Fed. Rep. 853; *Foster* v. *International Paper Co.,* 183 N. Y. 45; *Bell* v. *Consolidated Gas, etc., Co.,* 36 App. Div. 242; *Anglin* v. *American Construction, etc., Co.,* 109 App. Div. 237; 186 N. Y. 590; *Barringer* v. *President, etc., D. & H. Canal Co.,* 19 Hun, 216; *Maine* v. *N. H. Granite Corp.,* 173 Fed. Rep. 784.)

*Homer J. Borst* for respondent. A machine may be proper enough if the material passing into it is of the kind it is designed · to take and dangerous if material which will clog it is allowed to pass into it. (*Byers* v. *Carnegie Steel Co.,* 159 Fed. Rep. 347; *Robinson* v. *Cons. Gas Co.,* 194 N. Y. 37; *Griffin* v. *Manice,* 166 N. Y. 188; *Marceau* v. *R. R. R. Co.,* 74 Misc. Rep. 636; 153 App. Div. 931; *Simone* v. *Kirk,* 173 N. Y. 7; S. & R. on Neg. [6th ed.] § 186; *Spooner* v. *B. C. R. R. Co.,* 54 N. Y. 231; *Cone* v. *D., L. & W. R. R. Co.,* 81 N. Y. 206.) A nonsuit could not be properly granted in this case. (*McDonald* v. *Metro. St. Ry. Co.,* 167 N. Y. 66; *Smith* v. *N. Y. C. & H. R. R. R. Co.,* 177 N. Y. 224; *Hallett* v. *Liebmann's Sons Brewing Co.,* 129 App. Div. 617.)

McLAUGHLIN, J. The defendant, a domestic corporation, had, at the time stated in the complaint, an extensive plant in the city of Amsterdam, N. Y., where it was engaged in manufacturing carpets and rugs. The plaintiff, one of its employees, while there at work, sustained personal injuries by the bursting of a tank. He brought this action to recover the damages sustained, on the ground that the same were caused by the negligence of the defendant. The answer put this allegation in issue and alleged affirmatively that the injuries were caused by

the plaintiff's negligence or the negligence of a fellow-servant.  At the trial, at the close of plaintiff's case, a motion was made by defendant's counsel that plaintiff be nonsuited on the ground, among others, that he had failed to establish that his injuries were caused by the negligence of the defendant.  The motion was denied and an exception taken.  A similar motion was made at the close of all the evidence, the decision of which was, by consent, reserved until the rendition of the verdict.  Thereafter a verdict was rendered in favor of plaintiff, which the trial court set aside, granted the motion for a nonsuit, and ordered a new trial.  Judgment was subsequently entered setting aside the verdict and nonsuiting the plaintiff.  From this judgment, and so much of the order as granted the motion for a nonsuit, plaintiff appealed to the Appellate Division, third department, which reversed the judgment, granted a new trial, and modified the order by striking therefrom the direction for a nonsuit.  From the judgment of reversal and the order granting a new trial the defendant appeals to this court, giving the usual stipulation for judgment absolute. (Code Civ. Pro. § 190, subdiv. 1.)

Before considering the merits of the appeal it may not be out of place to call attention to what I consider erroneous practice adopted by the trial court.  There is no authority for directing a new trial after a motion for a nonsuit has been granted.  There then remains nothing to try.  The Appellate Division apparently considered, and I think properly, the question presented by the appeal as one from a judgment of nonsuit.  Adopting the same view the appeal to this court brings up for review a single question, and that is,- whether the nonsuit was properly granted.  The answer to this question necessarily turns upon whether there was any evidence to be submitted to the jury as to the defendant's negligence.

Immediately prior to the accident the plaintiff was at work on what is termed an extracting machine, one

designed to draw water from the materials used in manufacturing rugs and carpets. About eight feet from where he was working was an iron or steel tank about ten feet in height and five feet in diameter, which stood on a foundation several inches from the floor. The purpose of the tank was to receive water forced into it by an electric pump from a cistern beneath the floor of the factory, and the cistern was supplied by a pipe running to a creek nearby. There was a gauge on the tank indicating the pressure, and a regulator on the pump, designed to control the pressure by limiting or increasing the amount of water. The regulator was controlled by weights placed on or removed from a lever attached to it. The pump, in turn, was controlled by a switch in the wall two or three feet away. On the day of the accident, within a few minutes after the pump was started, the tank exploded and parts of it were thrown against the plaintiff, inflicting the injury of which he complains. Plaintiff's witness Sanders had charge of the pump and it was his duty, after starting it, to observe the pressure on the gauge and adjust the weights on the regulator to get the desired pressure, which was from 80 to 105 pounds. He had had charge of the pump for several months prior to the accident, and, so far as appears, was in every way competent to discharge the duties assigned to him. He had been instructed by his employer not to let the pressure in the tank exceed 105 pounds. He testified that the regulator was working all right the evening before the accident, and there is nothing to indicate it had not been working properly for some time prior thereto. There was evidence to the effect that some months previous to the accident it had not worked properly, and when cleaned waste or other material had been found in it. It had been cleaned only a week or two before the accident, and thereafter down to the time in question it worked properly. It was Sanders' custom on starting the pump to observe the pressure, as shown by

the gauge, and on this occasion he went over to the gauge, where he stood for upwards of five minutes, and watched the pressure rise until it registered 120 pounds. He then started toward the switch for the purpose of stopping the pump, but before he reached there the explosion occurred.

The explosion was undoubtedly due to the pressure in the tank.   But whatever may have caused that, the defendant was not responsible for it unless the same was caused by some neglect on its part.   It was not bound to furnish the safest or best machinery or appliances, but only such as a reasonable man would provide, having due regard for his own safety, with a competent person to take charge of or operate the same.   (*Quigley* v. *Levering,* 167 N. Y. 58; *Hickey* v. *Taaffe,* 105 N. Y. 26.) There is nothing in the evidence to indicate, and I do not understand any claim is made, that these appliances were not, in and of themselves, proper for the purpose for which they were furnished, or that Sanders was not a competent person to take charge of or operate them. Indeed, for his negligence in failing to follow the instructions of the defendant as to the pressure, it was not liable. The action is at common law and his negligence was the negligence of a fellow-servant.

Nor is any claim made that defendant was negligent in any respect unless it be with reference to the water in the cistern from which the tank was supplied.   The trial court charged the jury — to which no exception was taken or request made for a modification — that " It is not claimed here that the extractor was insufficient for the purpose for which it was used; it is not claimed that the tank or the pump were insufficient or inadequate; it is not claimed, as I understand the evidence, that the regulator was insufficient or inadequate for the purpose; but the claim of this plaintiff is that the defendant permitted the place where plaintiff was working to become unsafe by reason of the fact that he negligently permit-

13

ted this regulator to become charged with waste, thus increasing the pressure on the tank and causing the injury of which the plaintiff complains."

It is unnecessary to hold, in the present case, the plaintiff having been nonsuited, that he is bound by the theory upon which the case was submitted to the jury, since his contention now is that the negligence of the defendant consisted in permitting waste or other material to pass into the regulator, which prevented the control of the pressure in the tank; in other words, that the defendant should have had some device for straining the water when it was taken from the creek and thus prevented the waste or other material from passing into the cistern, and ultimately reaching the regulator. The answer to the suggestion is that if there was waste or other material in the regulator at the time of the explosion,— of which there is no proof,— there is nothing to show it came from the creek from which the water was taken and the evidence does show that such water was strained. The witness Wilson,— and he was not contradicted,— said: " The pipe leading from the creek was strained in some way," meaning, of course, that the water which passed through the pipe was strained. There was a trap door in the floor of the mill, leading into the cistern, which was opened every day for the purpose of mixing soap with the water as a lubricant, and it is possible that waste or other material from the sweepings on the floor may have gotten in at such time, though there is no proof of that. The truth is that the cause of the increased pressure on the tank, at the time the explosion occurred, was left entirely to speculation. It may have been due to material in the water taken from the creek, or to material which fell into the cistern when the trap door was open, or it may have been caused by the increased weights which Sanders put upon the lever the morning of the accident. All he could say on the subject of weights was that he did not think he had any more on than usual, but "I could not tell you.

I have no recollection about it." If it were due to the act of Sanders in putting on additional weights, or not removing some already thereon, defendant was not liable, because his act in that respect was the negligence of a fellow-servant. Nor was the defendant liable if, when the trap door was open, foreign substances were permitted to get into the cistern by the negligent act of a co-servant. It can just as well be inferred from the record that the explosion was caused in one way as the other. A verdict holding defendant responsible is a mere guess, without evidence to sustain it.

The rule is well settled that where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which defendant was responsible. If the matter is left in doubt and it is just as probable that the injury was the result of one cause as the other, there can be no recovery. (*Laidlaw* v. *Sage*, 158 N. Y. 73; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661.)

It follows that the order and judgment of the Appellate Division should be reversed, and the judgment and order of the Trial Term nonsuiting the plaintiff affirmed, with costs to appellant in all courts.

CHASE, COLLIN, HOGAN, CARDOZO, POUND and CRANE, JJ., concur.

Judgment reversed, etc.