OSCAR WARNER, as Administrator, etc., of SCENA MUSHAW, Deceased, Appellant, *v.* JACOB BRILL, Respondent.

Third Department, January 5, 1921.

Motor vehicles — action against owner of car for death of occupant — effect of release given to owner of another car involved in same accident — verdict not against weight of evidence — objection to charge of court as to joint tort feasors not taken at trial not available on appeal.

In an action to recover for the death of the plaintiff's daughter it appeared that she was riding in the defendant's car and that as the defendant attempted to pass another automobile to the left his car went off the macadam road into a depression or ditch and struck a telephone pole head-on throwing the plaintiff's daughter from the car and killing her; that the principal defense interposed was that the negligence of the owner of the other car in forcing the defendant off the road caused the accident, and that the plaintiff had settled with said owner for a substantial sum.

*Held*, that the verdict in favor of the defendant was not against the weight of the evidence.

The release given to the owner of the other car did not preclude the plaintiff from bringing this action inasmuch as it is expressly provided by sections 230 and 231 of the Debtor and Creditor Law that a joint debtor may make a separate composition with his creditor, and that a composition as made does not impair the creditor's right of action against any other joint debtor, unless an intent to release or exonerate him appears affirmatively upon the face of the instrument.

However, by virtue of section 232 of the Debtor and Creditor Law, the defendant had the right to interpose the defense that the owner of the other car was the one whose negligence caused the accident, and that the defendant was not negligent.

The failure of the plaintiff to except to the charge of the court in submitting the question of joint tort feasors to the jury precludes him from raising on appeal any objection thereto.

APPEAL by the plaintiff, Oscar Warner, as administrator, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Fulton on the 17th day of December, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office denying plaintiff's motion for a new trial made upon the minutes.

*Eugene D. Scribner*, for the appellant.

*Ainsworth, Carlisle, Sullivan & Archibald* [*John N. Carlisle* of counsel], for the respondent.

KILEY, J.:

The plaintiff in this action is the father and administrator of the estate of his deceased daughter, Scena Mushaw. The action is brought against the defendant, based upon an allegation of negligence on the part of the defendant in so driving a car in which the said Scena Mushaw was riding with him, in such a negligent manner that she, with others, was thrown out, all injured, and she killed. The facts, briefly, are these: On the 2d day of September, 1918, the respondent was driving on the macadam highway leading from Mayfield, N. Y., to Gloversville, N. Y., in Fulton county. He had riding with him plaintiff's intestate and others. His car was a Chevrolet. Ahead of him and going in the same direction was one Conrad Hartung driving a Buick car. The defendant attempted to pass him to the left and went off from the macadam into the depression or ditch and struck a telephone pole head-on. The appellant's intestate was thrown out and killed. The charge against defendant is that he negligently drove the car at an excessive rate of speed and was careless in handling and driving his car and thus was responsible for the injury that occasioned the death of Scena Mushaw. Respondent's evidence is to the effect that Hartung turned his car to the left when respondent tried to pass him, and collided with him, forcing him off the road so that he collided with the telephone pole. Defendant in his answer alleged and it was proved upon the trial that defendant, this plaintiff and the other occupants of the car brought actions against Conrad Hartung, driver of the Buick car, for damages, charging negligence, and settled with Hartung for a substantial sum. The position of the respondent, under this allegation, is that if he was negligent, Hartung was also negligent, and that they were joint tort feasors. The trial judge submitted that question to the jury, instructing the jury that if they were joint tort feasors, plaintiff could not

recover; that if they were joint tort feasors, the release of one released both. The question of Hartung's negligence was also submitted to the jury. Appellant urges that the verdict is against the weight of evidence, and that the court erred in submitting the question of the negligence of Hartung and defendant, as to whether they were joint tort feasors, claiming that plaintiff had the right to settle with Hartung and also collect from defendant for the same injury. The verdict is not so against the weight of evidence that it should be disturbed upon this appeal. The other question urged as sufficient for a reversal of the judgment has had, from early times, a stormy course through the courts of this country and England. In this State the doctrine governing the liability of joint debtors, sometimes called joint tort feasors, was formerly found in sections 1942–1944 of the Code of Civil Procedure, now found in sections 230 to 233, inclusive, of the Debtor and Creditor Law and in section 1943 of the Code of Civil Procedure (as amd. by Laws of 1909, chap. 310). Section 230, so far as applicable here, reads as follows: " A joint debtor may make a separate composition with his creditor. Such a composition discharges the debtor making it; and him only. The creditor must execute to the compounding debtor a release of the indebtedness or other instrument exonerating him therefrom." Section 231 reads as follows: " An instrument making a composition with a creditor does not impair the creditor's right of action against any other joint debtor, or his right to take any proceeding against the latter; unless an intent to release or exonerate him, appears affirmatively upon the face thereof." *Gilbert* v. *Finch* (173 N. Y. 455) and *Walsh* v. *N. Y. C. & H. R. R. Co.* (204 id. 58) discuss the interpretations that should be given to the provisions of the two sections quoted and to the other sections to which I have hereinbefore referred, sections 232 and 233 of the Debtor and Creditor Law (sections 1942, 1944 of the Code of Civil Procedure before they were transferred under the above-named title). The release in this case reads as follows:

" *Know all men by these presents*, that I, Oscar Warner, as administrator of the goods, chattels and credits of Scena Mushaw, deceased [plaintiff in this action], for the sole consideration of $1.00 and settlement made in the case of·

Anthony Mushaw, an infant, to me in hand paid by Conrad Hartung, have released and discharged, and by these presents do for myself, my heirs, executors, administrators and assigns, release and forever discharge the said Conrad Hartung of and from all claims, demands, damages, actions, or causes of action, on account of injuries resulting, or to result from an accident to Scena Mushaw, which occurred on or about the 2nd day of September, 1918, by reason of accident near Gloversville on the State road and of and from all claims or demands whatsoever in law or in equity, which I, my heirs, executors, administrators or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof."

[Signed and sealed.]

This release runs to Conrad Hartung alone, and did not preclude the plaintiff from bringing this action. However, we find section 232 of the Debtor and Creditor Law providing as follows: " Where a joint debtor including a partner has compounded, a joint debtor who has not compounded, may make any defense or counterclaim, or have any other relief, as against the creditor, to which he would have been entitled, if the composition had not been made." While the evidence of all that took place before the accident and since, down to the trial, was given in evidence; the principal defense of this respondent was that Hartung was the one whose negligence caused the accident. If there is any error in the submission of the question of joint tort feasors, as presented in the charge of the court to the jury, it does not avail the appellant here; he apparently acquiesced in the theory followed by the court and did not except to the charge. He cannot raise it for the first time on appeal.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.