BRIDGET ELLIS, Appellant, *v.* ALEXANDER FRIEDLANDER, Respondent.

Third Department, July 7, 1921.

Negligence — action to recover for injuries received by plaintiff who slipped on garbage in front of defendant's store and fell — extent of defendant's right to use sidewalk — evidence sufficient to charge defendant with negligence — dismissal of complaint at close of plaintiff's case erroneous.

In an action to recover for injuries received by the plaintiff who fell on the sidewalk in front of defendant's store, it appeared that about noon on the day of the accident the plaintiff, while traveling on the sidewalk in front of the store, slipped on some garbage and fell; that defendant used substantially the entire sidewalk in front of his store in displaying baskets of fruit or vegetables; that garbage had been strewn on the sidewalk for several hours prior to the accident, and that there was some ice on the sidewalk when the plaintiff fell. On the question whether the complaint was properly dismissed at the close of the plaintiff's case, *held*, that the evidence was sufficient to justify an inference by the jury that the general condition existing on the sidewalk at the time of the plaintiff's injury had existed for a sufficient time to charge the defendant with knowledge thereof; that said condition was created by the defendant, and that the plaintiff was caused to fall by slipping on garbage which the defendant had negligently permitted to remain on the sidewalk for an unreasonable length of time.

While the defendant had the right to make a reasonable use of the sidewalk for the ordinary and necessary purposes of his business, he did not have the right to pre-empt the sidewalk in such a way as to constitute a constant obstruction to pedestrians, nor did he have the right to accumulate garbage or refuse and leave it indefinitely on the sidewalk in such a way as to be a menace to others making a lawful use of the street.

Assuming that there was ice on the sidewalk and that the garbage on which plaintiff stepped may have rested on it, the rule that where several possible causes of injury exist, for only one of which defendant is responsible, there can be no recovery without proof that the defendant was responsible for the cause which contributed to the injury, has no application in the instant case for the reason that the evidence is such that the jury might have found that the plaintiff would not have fallen except for the garbage.

It was improper for the court to dismiss the complaint at the close of the plaintiff's case, and the question of the negligence of the defendant and the contributory negligence of the plaintiff should have been submitted to the jury.

Appeal by the plaintiff, Bridget Ellis, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 10th day of November, 1920, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Visscher, Whalen, Loucks & Murphy* [*J. Harris Loucks* of counsel], for the appellant.

*Woollard & Cogan* [*William E. Woollard* of counsel], for the respondent.

Cochrane, J.:

The question is whether the plaintiff established her right to go to the jury in this action against the defendant for negligence. Defendant conducts a fruit and vegetable store on one of the public streets in the city of Albany. In front of the store is a broad concrete sidewalk. About eight-thirty o'clock in the morning of January 30, 1920, baskets of fruit or vegetables occupied substantially the entire sidewalk in front of the store. Garbage consisting of vegetable refuse was also scattered over the sidewalk. A basket partially filled with garbage was near the entrance of the store and outside the basket there was also a pile of garbage. About noon of the same day the plaintiff while traveling on the sidewalk in front of the store slipped on some garbage and was caused to fall. At that time also there was a basket of garbage standing near the store entrance and outside of the basket was a pile of the same material. The plaintiff testifies that some of it was spread around and some of it was in the basket and that she stepped on a piece of garbage and fell. There is also evidence that there was ice on the sidewalk but to what extent was a question for the determination of the jury. The plaintiff, however, finally made it plain under persistent cross-examination that it was garbage on which she stepped and fell. Naturally conditions changed with the progress of the business from hour to hour but it would be a permissible inference by the jury that the general condition existing on the sidewalk at the time of the plaintiff's injury had existed for a sufficient time to charge the defendant with knowledge thereof. We

may go further and say that whatever the condition it was created by the defendant. He had a right to make a reasonable use of the sidewalk for the ordinary and necessary purposes of his business, but reasonable use does not mean that a merchant may pre-empt the sidewalk in such a way as to constitute a constant obstruction to pedestrians, nor does it mean that he may accumulate garbage or refuse and leave it indefinitely on the sidewalk in such a way as to be a menace to others making a lawful use of the street. The plaintiff having been nonsuited, is entitled to the most favorable inferences which the evidence permits, and we think it was well within the province of the jury to say from the evidence as here presented that the plaintiff was caused to fall by stepping on garbage which the defendant had negligently permitted to remain on the sidewalk for an unreasonable length of time. The temporary use of the sidewalk to meet the necessities of his business was lawful, but the evidence here justified an inference by the jury that the defendant went beyond the necessities of his business and made an unnecessary use of the sidewalk to the injury of the plaintiff. Assuming, as we do, that there was ice on the sidewalk and that the garbage on which plaintiff stepped may have rested on ice, the rule reiterated in *Ruback* v. *McCleary, Wallin & Crouse* (220 N. Y. 188, 195) that where there are several possible causes of injury, for only one of which defendant is responsible, there can be no recovery without proof that the defendant was responsible for a cause which contributed to the injury, has no application here for the reason that the evidence is such that the jury might have found that the plaintiff would not have fallen except for the garbage. Presumably, the icy condition of the sidewalk was no different from that of any other sidewalk in Albany at that time and plaintiff had taken quite an extensive walk without mishap until she encountered the garbage-strewn sidewalk of the defendant. Moreover, the defendant if not directly responsible for the icy condition of the sidewalk was certainly chargeable with knowledge of its condition and was bound to know that garbage in connection with the ice presented an unusual condition of danger and should have used diligence commensurate with the increased danger in anticipation of an accident such as overtook

the plaintiff. We have considered the question of the contributory negligence of the plaintiff and conclude that such question as well as that of the defendant's negligence should have been submitted to the jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.