POCAHONTAS TANNING COMPANY, Appellant, *v.* FIDELITY-PHENIX FIRE INSURANCE COMPANY OF NEW YORK, Respondent.

*Insurance (fire) — injury to material in course of manufacture through failure of supply of necessary ingredient caused by fire in another part of plant — no recovery under policy where it is not shown that ingredient could not be otherwise obtained.*

*Pocahontas Tanning Co.* v. *Fidelity-Phenix F. Ins. Co.,* 216 App. Div. 435, affirmed.

(Argued October 19, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1926, in favor of defendant, upon submission of a controversy under sections 546–548 of the Civil Practice Act. The question was whether damage to hides in plaintiff's tannery, arising from an interruption in the supply of tanning liquor · occasioned through the destruction by fire of the building where the liquor was prepared, was recoverable within the terms of a policy insuring the plaintiff against " all direct loss and damage by fire." The Appellate Division held that plaintiff had failed to show " that in order to prevent deterioration to the hides, it was necessary to complete the process of tanning before the first quality tanning liquor could have been obtained. The loss was, therefore, caused by voluntarily completing the tanning process with inferior tanning liquid instead of waiting for the proper tanning liquid. The loss was thus not caused by the fire, but through an intervening act. This intervening act made the loss not causally connected with the fire and hence the defendant is not liable."

*Martin A. Schenck, Edward Cornell* and *Emily C. Holt* for appellant.

*Edgar J. Nathan* and *W. Calvin Chestnut* for respondent.

Judgment affirmed, with costs, on the ground plaintiff's alleged loss was not covered by policy.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.