GRACE I. SAULSBURY, Appellant, *v.* FRANK BRAUN and Others, Respondents, Impleaded with CHARLES CAPLAN and Another, Individually and as Copartners, Trading under the Firm Name and Style of CAPLAN BROS. FURNITURE STORE, Defendants.

HARRY F. SAULSBURY, Appellant, *v.* FRANK BRAUN and Others, Respondents, Impleaded with CHARLES CAPLAN and Another, Individually and as Copartners, Trading under the Firm Name and Style of CAPLAN BROS. FURNITURE STORE, Defendants.

Third Department, May 16, 1928.

**Nuisance — persons liable — action for injuries suffered when one of plaintiffs, wife of other, fell on sidewalk in front of premises of individual defendants — said plaintiff fell on slippery concrete sidewalk which had been improperly constructed under permit by defendant city — court defined nuisance but did not state that defendant city could not be found liable unless acts of owners in relaying walk constituted nuisance — city did not except to charge or request proper charge — jury returned verdict against city only — verdict was set aside — evidence showed nuisance on part of owners — liability of city was shown — charge of court became law of case binding city — verdict is reinstated.**

One of the plaintiffs, the wife of the other, fell on a slippery concrete sidewalk in front of the premises belonging to the individual defendants. The sidewalk at that point had been taken up to make repairs to a water pipe and then relaid. In relaying the sidewalk the concrete was finished with a metal trowel which created a glass like surface.

The evidence shows that the owners created a nuisance in constructing the sidewalk under a permit from the defendant city and also that the defendant city is liable.

The court in its charge defined a nuisance but did not instruct the jury that the defendant city would not be liable for permitting the walk to be maintained in a dangerous condition unless it were shown that the acts of the owners in relaying the walk did in fact constitute a nuisance. There was no exception by the defendant city to the charge in that respect and no request to charge the correct rule. The jury were instructed that they might find against the defendant owners and the defendant city or either. A verdict was returned against the defendant city which was set aside on motion. The charge of the court, not being excepted to, became the law of the case and the defendant city is bound thereby. The verdict is reinstated and judgment directed for the plaintiffs thereon.

VAN KIRK, P. J., dissents.

APPEAL by the plaintiff in each of the above-entitled actions from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 16th day of November, 1927, and also from an order entered in said clerk's office on the 9th day of November, 1927.

*David Belkin,* for the appellants.

*Ainsworth, Sullivan & Archibald [Walter S. Archibald* and *Nelson R. Pirnie* of counsel], for the respondents Braun.

*George A. Reilly, Corporation Counsel [Charles J. Duncan* of counsel], for the respondent City of Albany.

DAVIS, J. On February 6, 1926, the plaintiff Grace I. Saulsbury was injured by a fall on a wet, slippery portion of the sidewalk in front of the premises on South Pearl street in Albany, owned by the defendants Braun. In September, 1924, a water pipe leading to the Braun property had become broken underneath the sidewalk and the owners engaged a plumber to make repairs. It was necessary to remove a portion of the sidewalk to reach the pipe and a permit therefor was obtained from the city. The owners by their own workmen undertook to replace the sidewalk after the repairs were made. In relaying it with concrete, the finishing was done with a metal trowel, leaving the surface smooth and glassy. Concrete walks, as is commonly known and as an expert witness testified, are finished with a wooden trowel which leaves the surface rough. It was upon this repaired portion of the walk that plaintiff fell.

There was ample evidence showing that this patch in the walk became very slippery when wet; and that previous to the accident to plaintiff several persons had slipped and fallen thereon. There was sufficient evidence of actual and constructive notice of this condition to the city.

Grace I. Saulsbury brought an action against the owners and the city, alleging that this portion of the sidewalk constituted a nuisance. The second action was brought by her husband to recover for expenses and loss of services. The two actions were tried together. The defendants Braun called no witnesses and the evidence on the part of the city was almost entirely negative in its character. Motions for dismissal of the complaints were denied.

The court in charging the jury defined nuisance but did not state that in order that the city should become liable for permitting the walk to be maintained in a dangerous condition, it must first be established that the acts of the owners in relaying the walk did in fact constitute a nuisance. There had been no change in the condition since the walk was repaired. It did not appear that the city was an active participant in creating the condition (*Heffern* v. *Village of Haverstraw,* 143 App. Div. 527) except as it might have become a " joint actor " by issuing the permit. (*Parks* v. *City of New York,* 111 App. Div. 836, 840; affd., 187 N. Y. 555.)

There was no request that the court should state the doctrine as to creation and maintenance of a nuisance and the relative duties of the defendants; and no exception was taken to the charge on the rule of liability. The court further charged as follows: " Gentlemen, it is for you to determine whether or not the plaintiff shall recover. If she is entitled to recover against Brauns, that is the defendant Frank Braun and his wife, and the city of Albany, or against either of them. If you find in her favor you can find against the Brauns and the city, or you can find against the city alone or the Brauns alone. So your verdict in this case shall eventually be a verdict either in favor of the defendants of no cause of action, or in favor of the plaintiffs against all of the defendants, or against such of the defendants as you determine that the plaintiff under the evidence and under the law is entitled to recover."

To this charge there was no exception, and no requests were made on the part of the city that its liability could not begin until it was established that the owners had created a nuisance.

The jury brought in a sealed verdict for the wife in the sum of $10,000 and for the husband, $2,500 against the city. The Brauns were not mentioned; and without sending the jury back to make correction, the court construed this verdict to be one in favor of the defendants Braun. It is likely that construction is justified in the absence of objection by plaintiffs. (*Lockwood* v. *Bartlett,* 130 N. Y. 340, 353; *Frascone* v. *Louderback,* 153 App. Div. 199, 201; affd., *sub nom., Frascone* v. *Standard Oil Co.,* 208 N. Y. 631; *Hoffman* v. *Brooklyn, etc., R. R. Co.,* 78 Misc. 507.)

Upon subsequent motions made by the defendant city and the plaintiffs, the court said: " The verdicts in favor of the defendants Braun may have some appearance of being inconsistent with the verdicts against the city;" and an order was granted setting aside the verdicts against the city " Upon the ground that said verdicts are contrary to the law and contrary to the evidence and against the weight thereof;" and a new trial against the city was granted. The motion of the plaintiffs for a new trial against the defendants Braun was denied.

The jury had followed the instructions of the court in finding verdicts against one defendant only. It is likely that the verdict in favor of the Brauns may have been prompted by sympathy. It was against the weight of evidence on the question of creation of a nuisance, and if there was to be a new trial it should have been granted as against both — for a new trial against the city under the finding that the Brauns had created no nuisance, would seem to be unavailing to the plaintiffs.

The liability of the city was likewise well established by the evidence. If the Brauns were permitted to escape under the charge of the court, the fault lies with the counsel for plaintiffs and for the city in not insisting that the correct rule of liability be charged. We have here, then, a situation in which the city fully acquiesced until the verdicts were rendered against it. We think it is bound by the law of the case. Where parties acquiesce in an erroneous instruction to the jury, they will not ordinarily be heard to complain of the error thereafter. It is the duty of counsel to be alert and watchful on the trial, to point out to the court the obvious errors by exception and by proper requests to obtain a statement of what they regard the correct doctrine. They cannot gamble on a tardy awakening. (*Warner* v. *Brill,* 195 App. Div. 64; *Mayer* v. *Chamberlain,* 178 id. 326, 330; *Harrison* v. *Argyle Co.,* 128 id. 81, 85; affd., 198 N. Y. 628; *Frascone* v. *Louderback, supra; Miller* v. *Union R. Co.,* 191 N. Y. 77, 80; *Williams* v. *First National Bank,* 167 id. 594; *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557, 575.) In this case where by the evidence the existence and maintenance of a dangerous condition of the street was well established, the doctrine of the law of the case may well be applied. This conclusion renders it unnecessary for us to consider whether in any event the city might be liable as a " joint actor " in creating the nuisance by issuing the permit to tear up the walk and in failing by proper inspection to see that it was relaid in a safe condition. (*Parks* v. *City of New York, supra.*)

The same rule as to the law of the case must be applied to the plaintiffs in seeking to reverse the judgments and order in favor of defendants Braun.

The order setting aside the verdicts and granting a new trial to the city should be reversed on the law and the facts and the verdicts reinstated, and judgment directed for the plaintiffs thereon with costs; and the judgment and order in favor of the defendants Braun should be affirmed, with costs.

HINMAN, WHITMYER and HILL, JJ., concur; VAN KIRK, P. J., votes for a new trial as against the city of Albany and the defendants Braun.

Order setting aside verdict and granting new trial to the city of Albany reversed on the law and facts, with one bill of costs, and the verdicts reinstated and judgment directed for the plaintiffs thereon, with costs. Judgments in favor of the defendants Braun and orders affirmed, with one bill of costs.