JAMES O. SEBRING, Respondent, *v.* THE FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.

Fourth Department, November 7, 1929.

*Cheney & Costello* [*W. Earle Costello* of counsel], for the appellant.

*Sebring & King* [*James O. Sebring* of counsel], for the respondent.

PER CURIAM. This is an action on a fire insurance policy to recover the value of certain buildings which were destroyed by fire. The defendant insured the plaintiff " to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage."

" Actual cash value " means " actual value " expressed in terms of money. That real value constituted the measure of damages to which plaintiff was entitled, if he was entitled to anything. (*McAnarney* v. *Newark Fire Ins. Co.,* 247 N. Y. 176.)

Cost of reconstruction of the burned buildings, less depreciation, is one of the elements which go to make up " actual value." It is not, however, the exclusive and only method by which that value can be ascertained. The trier of the fact, charged with the duty of ascertaining the damages which an insured has sustained when his buildings have been burned, is entitled to consider for what it is worth any fact which reasonably tends to throw light upon that subject. This would include the purchase price of the property, if it was bought within a reasonable period prior to the fire, the opinion of experts as to its value, etc. Possibly these facts would have little or no weight with the jury; but they are entitled to this information, and can give to it such weight as they deem proper. (*McAnarney* v. *Newark Fire Ins. Co., supra.*)

The learned trial court excluded certain evidence offered by appellant which we think tended to shed some light on the question of value, and which the jury would have had a right to consider had it been in the case. This, we think, was error. We also think that the learned court erroneously instructed the jury that, as matter of law, the reconstruction value of the buildings destroyed, less depreciation, was the measure of damages to which the plaintiff was entitled. That was not the exclusive method by which plaintiff's damages could be ascertained. The jury could have taken into account any fact reasonably tending to shed any light on the question. We cannot say that these errors were harmless. For this reason, we think that the judgment appealed from should be reversed and a new trial granted.

For the guidance of the court on another trial, we think that the ruling of the court, in excluding evidence of the character of Hubbard, was correct. Plaintiff was not bound to volunteer any information to the defendant on that subject. Neither would Hubbard's character, even if as bad as suggested, have increased the hazard within the meaning of the provisions of the policy. That takes place when a new use is made of the property, or when its physical condition is changed from that which existed when the policy was written, and the new use or changed condition increases the risk assumed by the company. (*Ampersand Hotel Co.* v. *Home Ins. Co.*, 198 N. Y. 495.)

The judgment and order appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

All concur, except THOMPSON, J., who dissents and votes for affirmance upon the ground that in response to requests from the

attorney for the defendant the court sufficiently and correctly charged the law with reference to damages and that the court did not err in its declination to receive evidence proffered by the defendant upon the question of the value of the building destroyed, under the terms of the policy.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.