ANNIE S. ARNOLD, ANCHOR INSURANCE COMPANY, CAMDEN FIRE INSURANCE ASSOCIATION, NIAGARA FIRE INSURANCE COMPANY and NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, LTD., Respondents, v. HERBERT J. YATES, PAUL SOSNICKI and ANTONI RIBAIZYK, Appellants.— In an action to recover damages for the destruction of certain real and personal property through the alleged negligence of the defendants in managing a fire which consumed rubbish upon defendant Yates' premises, adjoining those of plaintiff Arnold, which fire spread to the latter's premises, the issues were submitted to the jury, which returned a verdict in favor of the plaintiffs. From the judgment thereon entered and

from an order entered in the clerk's minutes denying their motion for a new trial, defendants appeal. Judgment unanimously affirmed, with costs. Appeal from order entered on the clerk's minutes dismissed. No appeal lies from an order denying a motion for a new trial entered in the clerk's minutes. The defendants rested upon plaintiffs' proofs. These presented a *prima facie* case (*Hays* v. *Miller*, 6 Hun, 320; affd., 70 N. Y. 112; *Webb* v. *R., W. & O. R. R. Co.*, 49 id. 420; *O'Neill* v. *N. Y., O. & W. R. Co.*, 115 id. 579; *Hoffman* v. *King*, 160 id. 618, 621, 622, 628; *Warner* v. *New York, Ontario & Western Railway Co.*, 209 App. Div. 211), from which the jury was entitled to draw the inference of defendants' liability. The defendants question the verdict upon the ground that legal proof of damage was not presented. The verdict in this respect is amply supported by the evidence, including the testimony of the expert witness Duryea as to the " sound value " of the building as of the date of the fire. Further, competent evidence on this subject was offered in the testimony of the witness Rogers as to the then value of the building, and was erroneously excluded upon defendants' objection. The building was of considerable age. Proof of its original cost was unnecessary. (See *Sebring* v. *Firemen's Ins. Co. of Newark*, N. J., 227 App. Div. 103, 104.) No suggestion that such proof was essential was made by the defendants at the trial. They may not urge it now. The defendants' like objection here asserted that there was no legal proof of the damage alleged in the second cause, involving hedges, trees, other vegetation and certain personal property, is likewise unavailing. It was not made upon the trial. Without objection the court charged that the jury might award plaintiff Arnold " such sum as would reasonably compensate her for their destruction." The case was tried on a theory in which defendants acquiesced and it became the law of the case. (*Saulsbury* v. *Braun*, 223 App. Div. 555, 558; affd., 249 N. Y. 618.) Particularly is this true when competent evidence of value was excluded on the objection of defendants; and the appellants are not now entitled to complain that the evidence thereby became insufficient in certain respects. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.