(January 14, 1942.)

JOHN R. WEBSTER and Others, Appellants, v. GEORGE H. LONGSTAFF, Respondent.— Order, in so far as it set aside the verdict with ten dollars costs, affirmed and otherwise order, together with the judgment, reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: Plaintiffs erred in their theory of the measure of damages and the verdict in their favor was for that reason properly set aside. However, the record justifies a belief that plaintiffs could recover upon a proper theory of damages some verdict in their favor. (*Northrop* v. *Hill*, 57 N. Y. 351.) In the interest of justice, therefore, the order appealed from should be affirmed in so far as it set aside the verdict, and otherwise the order, together with the judgment, should be reversed on the law and facts and a new trial should be granted. All concur. (The judgment sets aside the verdict of a jury in favor of plaintiff and dismisses the complaint in an action for damages sustained by reason of fraud and misrepresentation. The order is the order setting aside the verdict and granting the motion to dismiss.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

SYRACUSE GRADE CROSSING COMMISSION, Appellant, Respondent, v. DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY and Others, Appellants. MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, Appellants, Respondents; WILSON & GREENE LUMBER Co., INC., Respondent, Appellant; A. COOPER METAL Co., INC., and Others, Respondents.— Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Twenty-first conclusion of law disapproved and reversed and new conclusion made. Memorandum: The railroad claims that it is entitled to recover consequential damages to property owned by it and not appropriated for elevation of its tracks. The learned official referee in his opinion correctly holds, as we believe, that the validity of such claim is a matter to be determined by the Court of Claims. In the conclusions of law contained in the decision and in the judgment it is stated that any such damage may be " determined and recovered in the Court of Claims." Of course, the official referee did not intend to decide that consequential damages " may be * * * recovered in the Court of Claims," but the language used lends itself to such construction. We are of the opinion, therefore, that the judgment should be modified by striking therefrom the paragraph adjudging that damage to property of the railroad not appropriated " may be determined and recovered in the Court of Claims," and by inserting in place thereof the following: " Adjudged, decreed and declared that the Court of Claims has the power to determine whether any claim for consequential damages to property of the railroad not appropriated is a legal claim upon which recovery may be had," and that the judgment as modified be affirmed, without costs. All concur. (The judgment holds that the proceeding is a proper action for a declaratory judgment, and determines and declares the interests of the parties entitled to compensation in a grade crossing elimination.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.