D. WARD COULTER, Appellant, *v.* JAMES POMEROY, Respondent.

Third Department, November 11, 1942.

*Paul F. Eaton* for appellant.

*A. Lindsay O'Connor* for respondent.

HILL, P. J. Appellant was the employer of respondent who, it is alleged in the complaint, engaged to work and devote his time exclusively to the sale of appellant's new and used automobiles, automobile parts and accessories at thirty-five dollars a week. It is pleaded that respondent, in violation of the contract, failed to devote his time exclusively to appellant's busi-

ness and without the latter's knowledge, sold automobiles and accessories for himself, and it is asserted that he acted in a fiduciary capacity for appellant to whom he is asked to account and pay over the profits. The answer denies that respondent was to devote his entire time to appellant's work, and alleges that under the contract of employment, he had a right to sell automobiles for his own account.

The action is for damages for breach of contract with a prayer in the complaint to have an unusual measure of damages applied, but neither upon the trial nor by a motion or motions addressed to the pleadings was a question raised as to the form of the complaint, or that an accounting as a fiduciary was not the proper measure of damage. We are not now required to pass upon the correctness of the theory that an employee stands in a fiduciary relation to his employer as to profits made in violation of the contract of hiring. On this appeal it is the law of the case. (*Saulsbury* v. *Braun,* 249 N. Y. 618, affg. 223 App. Div. 555; *McDougall* v. *Skeados,* 240 App. Div. 997; *Cooper* v. *Brooklyn & Queens Transit Corp.,* 249 App. Div. 774; *Arnold* v. *Yates,* 253 App. Div. 840.)

Upon the trial, respondent made no motion to dismiss appellant's complaint. At the close of the entire case, appellant moved for a directed verdict. This was denied before the case was submitted to the jury. The respondent made no motion. A single question was submitted to the jury, "Did the contract of December, 1937, include the right in defendant to buy second-hand cars on his own account to be sold for the defendant's personal profit." In announcing the verdict the foreman of the jury said, "The verdict is yes". The judgment is not supported by other finding, either by the court or jury. It dismissed the complaint upon the merits with costs and further denied appellant's motion to set aside the verdict.

Section 459 of the Civil Practice Act controls the submission of issues to a jury. It provides that "In any action" except where the issues have been framed, "the court may direct the jury to find either a general verdict or a special verdict upon all or any of the issues. Where the jury finds a general verdict, the court may instruct it to find also specially upon one or more questions of fact stated in writing". This section, prior to its recent amendment (L. 1934, ch. 522), was considered in *Bergman* v. *Scottish Union & Nat. Ins. Co.* (264 N. Y. 205). The court said, (p. 210) "Where, therefore, the court has denied the motion for a nonsuit or for the direction of a verdict, he must submit to the jury the issues of fact to be decided by a general

verdict upon the entire case, even though, pending the decision of the motion, he has called for special findings. In no other way can we preserve to litigants the right to a full jury trial of the issues of fact * * *. Suppose instead of reserving the motion for a nonsuit or for the direction of a verdict the judge decides the motion on the spot. Could he then submit only one or two special questions and direct a general verdict on the jury's findings? This would be contrary to the practice in jury trials as they have existed at common law and as prescribed by the section we are considering." The jury's answer to the question submitted was a special finding rather than a special verdict. (*Bergman* v. *Scottish Union & Ins. Co.*, *supra*, 210, 213, 214.) This jury was asked to make a special finding. No general or special verdict was rendered. The special finding was not a basis for the judgment.

The judgment should be reversed on the law and a new trial granted, with costs to abide the event. The facts have not been considered.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed on the law and a new trial granted with costs to abide the event. The facts have not been considered.