FLORENCE PERITO, Plaintiff, *v.* NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, March 28, 1947.

*Milo O. Bennett* and *William Otis Badger* for plaintiff.

*Frederick C. Pitcher* for defendant.

GAVAGAN, J. The defendant, having accepted the suggestion of the court at the close of the plaintiff's case and reserving its motion to dismiss at that time, now at the close of the entire case moves first to dismiss the complaint with the same force and effect as if made at the close of the plaintiff's case, and at the close of the entire case moves to dismiss the complaint and/or for the direction of a verdict in favor of defendant.

The gravamen of the cause of action is alleged in paragraph third of plaintiff's complaint and evidenced by Exhibit B attached to said complaint, which exhibit is plaintiff's trial Exhibit No. 12. This exhibit is entitled " Extended Coverage Endorsement No. 4 " and the salient parts of interest

read as follows: " Subject to provisions and stipulations (hereinafter referred to as ' provisions ') herein and in the policy to which this endorsement is attached, including riders and endorsements thereon, the coverage of this policy is extended to include direct loss by windstorm, hail, etc."; the said Extended Coverage Endorsement also contains the following, entitled " Provisions Applicable Only to Windstorm and Hail: This Company shall not be liable for loss caused directly or indirectly by (a) frost or cold weather or (b) snowstorm, tidal wave, high water or overflow, whether driven by wind or not.

" This Company shall not be liable for loss to the interior of the building or the insured property therein caused, (a) by rain, snow, sand or dust, whether driven by wind or not, unless the building insured or containing the property insured shall first sustain an actual loss to roof or walls by the direct force of wind or hail, etc."

The plaintiff's complaint and the annexed exhibit, herein mentioned, placed upon the plaintiff the burden of sustaining by a fair preponderance of the evidence that the damages alleged to have been incurred were due to windstorm. In other words, it was incumbent upon her to establish by a fair preponderance of the evidence that the proximate cause was windstorm.

Viewing the evidence in the entire case, I am forced to the conclusion that plaintiff has totally failed to sustain this burden of proof. The most favorable aspect of her case possible is that it leaves for the jury mere conjecture or speculation. The jury must not be left to mere conjecture or speculation, and a bare possibility that the house was damaged by wind is not sufficient. When the precise cause of a happening is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then plaintiff is not entitled to recover and the evidence should not be submitted to the jury (*Scharff* v. *Jackson,* 216 N. Y. 598; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 131; *Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188; *Donato* v. *Granite State Fire Ins. Co.,* 249 App. Div. 819).

Furthermore, considering the evidence in the entire case, I am constrained to hold that the plaintiff has totally failed to sustain her burden of proof and that any verdict by the jury in favor of the plaintiff must be set aside and the jury directed to find a verdict in favor of the defendant. When a trial court,

considering all the evidence of an entire case, concludes that a verdict in favor of plaintiff must be set aside as unsupported by sufficient evidence, it is its duty to direct a verdict for defendant or a nonsuit (*McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66; *Getty* v. *Williams Silver Co.*, 221 N. Y. 34, 39).

My attention has been directed by counsel for the plaintiff to the authority of *Campbell* v. *Hartford Fire Ins. Co.* (271 App. Div. 877). I have examined the case on appeal in that case and have no hesitancy whatever in holding that the facts and the proofs therein differ materially from the plaintiff's proof in the instant case. For the foregoing reasons, I hold that the plaintiff has failed to sustain her burden of proof and that the weight of the entire credible evidence is in favor of the contention of the defendant.

Accordingly, the motion for the direction of a verdict in favor of defendant is granted and the jury is instructed to so render its verdict.