ALBIN H. BOWMAN, Appellant, *v.* BLOOMFIELD MANAGEMENT, INC., Respondent.

Supreme Court, Appellate Term, Second Department, April 6, 1950.

*Porter R. Chandler, J. Roger Carroll, Edward J. McGratty, Jr.,* and *Sidney L. Aronson* for appellant.

*Julius Zizmor* and *George Zinberg* for respondent.

*George Gray Zabriskie* for Cathedral Church of St. John the Divine in the City and Diocese of New York and another, *amici curiæ.*

*George N. Whittlesey* for Plymouth Church of the Pilgrims, *amicus curiæ.*

*William M. Evarts, Frederick F. Greenman* and *Robert E. Young* for St. Philip's Church in the Highlands and others, *amici curiæ.*

*Jackson A. Dykman* for James P. De Wolfe, as Bishop of the Protestant Episcopal Diocese of Long Island, *amicus curiæ.*

*Per Curiam.* In this action for brokerage commissions the trial court properly declined to interfere with the verdict on the ground that it was against the weight of the evidence. It was error, however, to set it aside and dismiss the complaint upon the theory that the prospective purchaser, a religious corporation, had no legal right to invest its funds in an income-producing parcel of real estate. The investment of church funds for the purpose of obtaining revenue to accomplish the corporate objectives is a legitimate use thereof " for the support and maintenance of the corporation " within the fair contemplation of section 5 of the Religious Corporations Law. Insofar as the statute purports to restrict investments to securities considered lawful for the investment of trust funds, it relates only to investments by denominational holding companies, banks or trust companies to which corporate property has been transferred in trust. There is no corresponding statutory limitation in respect to the activities of the trustees of a religious corporation. This conclusion is confirmed by a recent amendment to the Religious Corporations Law, adding section 5-a, expressly permitting

investment of corporate funds "in such securities, investments or other property as to them shall seem advisable without being restricted to those classes of securities which are lawful for the investment of trust funds under the laws of this state." (L. 1950, ch. 225, eff. March 28, 1950.)

Even in the absence of express statutory authorization, the weight of opinion appears to sustain the view that nonstock corporations, such as religious and charitable corporations, may invest their funds on the theory that such power is implied for the preservation of the funds with which they are endowed and in order to render the same more productive. (See, e.g., *Pearson* v. *Concord R. R. Corp.*, 62 N. H. 537, 549; *Hodges* v. *New England Screw Co.*, 1 R. I. 312, 347; White and Goldmark on Non-Stock Corporations, pp. 311, 312, and authorities there cited.)

The conditional employment agreement between the parties may not now be relied upon to defeat the claim for commissions. There was no objection to the trial court's ruling that this agreement was not material to the controversy and no reference was made to it in the charge to the jury. Defendant must be deemed to have acquiesced in the theory on which the case was tried and is bound thereby. (*Leonard* v. *Home Owners Loan Corp.*, 297 N. Y. 103; *Saulsbury* v. *Braun,* 223 App. Div. 555, 558, affd. 249 N. Y. 618; *Coulter* v. *Pomeroy,* 265 App. Div. 51; *Arnold* v. *Yates,* 253 App. Div. 840.)

The judgment should be unanimously reversed upon the law, with costs to plaintiff, and verdict reinstated. Appeal from order granting defendant's motions to set aside the verdict and for dismissal of the complaint, dismissed, without costs, no formal orders having been entered (*Pipitone* v. *Standard Fruit & S. S. Co.,* 275 App. Div. 675).

STEINBRINK, RUBENSTEIN and COLDEN, JJ., concur.

Judgment reversed, etc.