James D. Hopkins, J.
This action was tried before the court and jury on a policy of insurance issued by the defendant to the plaintiffs. The policy extended coverage to “ direct loss for Windstorm ”, and it was the plaintiffs’ claim that an aluminum awning had collapsed due to that cause. The jury returned a verdict in favor of the defendant. The court reserved decision *648 on plaintiffs’ motion to set aside the verdict and for a new trial (Civ. Prac. Act, § 549).
Such a motion is addressed to the discretion of the court (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 69). But the dimensions of that discretion is not easy to describe. In the view of Mr. Justice Bergaet, there is no rule which is “ capable of being laid down in plain words as an infallible guide to decision ”, and it is understood by the profession “ as the cumulative product of its own experience ” (Mann v. Hunt, 283 App. Div. 140, 141). Although a verdict should not be vacated without weighing the preponderance of the evidence (Rapant v. Ogsbury, 279 App. Div. 298, 300), in essence the question is one of law for the trial judge (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241). The motion calls upon the court to exercise its own judgment as to whether the verdict was based on any supporting evidence (Johnson v. New York Cent. & Hudson Riv. R. R. Co., 173 N. Y. 79, 83; Hull v. Littauer, 162 N. Y. 569, 572).
The plaintiffs produced testimony by one of the plaintiffs, supported by a disinterested witness, that the awning had fallen on a day of high winds. Weather reports for the same day indicated the presence of winds, containing gusts beyond 40 miles an hour. Photographs of the house were introduced into evidence, showing damage to the side where the awning was located. The defendant produced testimony by its agent who stated that some two weeks after the day upon which the collapse of the awning was claimed to have occurred, the same plaintiff called by telephone to report the damage, but did not say when it occurred or its cause. Weather reports indicated heavy falls of snow the days immediately prior to the call. The defendant argued that the policy coverage would not include loss due to snowstorm, since that risk was expressly excluded by other provisions.
The inference that the damage was caused by snow, or the concurrent action of snow and wind, rests on little concrete evidence. Plaintiffs’ evidence, indeed, is substantial that the damage was the result of the high winds on the date stated in the testimony. The jury may have been confused by a charge of the court, which, on reflection, the court believes to be erroneous. The court charged that the plaintiffs had the burden to prove that the loss was occasioned ‘6 only and directly by windstorm. ’ ’ The plaintiffs were compelled to prove that the loss resulted “ directly” by windstorm (Protzmann v. Eagle Fire Ins. Co., 272 App. Div. 319; Perito v. Northern Ins. Co., 189 Misc. 204), but I am satisfied that my charge requiring the jury to find that windstorm must be the “ only ” cause, in addition to being a “ direct ” cause, exceeded the limits of the plaintiffs’ burden.
*649 The rule in fire insurance cases where liability arises for “ direct ” loss is that the loss must be connected by the relationship of cause and effect with the fire (Pocahontas Tanning Co. v. Fidelity-Phenix Fire Ins. Co., 216 App. Div. 435, affd. 243 N. Y. 644; Baron Corp. v. Piedmont Fire Ins. Co., 166 Misc. 69). The same rule should be followed under the terms of the instant policy. In other States, when the subject has received broader discussion, “direct” has been considered the equivalent of “immediate” or “ approximate ”, as distinguished from ‘ ‘ remote ” or “ incidental ’ ’; windstorm must be the ‘ ‘ dominant ” or “efficient” cause of the loss (Trexler Lbr. Co. v. Allemannia Fire Ins. Co., 289 Pa. 13; Kenney v. Occidental Ins. Co., 66 Ohio App. 284; Fidelity-Phenix Fire Ins. Co. v. Anderson, 81 Ind. App. 124; Anderson v. Connecticut Fire Ins. Co., 231 Minn. 469; see annotations in 166 A. L. R. 375, 126 A. L. R. 707). Hence, the interpretation that “direct” meant the ‘ ‘ only ’ ’ cause in reference to windstorm was incorrect. Although no exception to the instruction was taken by the plaintiffs, the court should consider the effect on the jury in appraising its verdict on this motion (cf. Sebring v. Firemen’s Ins. Co., 227 App. Div. 103; Rudnick v. Tuckman, 1 A D 2d 269, 272; Webster v. Longstaff, 263 App. Div. 930; Ryan v. Masseth, 236 App. Div. 883, 889; Miller v. Barnett, 158 App. Div. 862).
Under these circumstances, in the exercise of discretion, and the furtherance of justice, the verdict for the defendant is set aside and a new trial granted.