### (January 13, 1972)

■ JORGE CRUZ, as Administrator of EUGENIO CRUZ, an Infant, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39947.) (And 10 Other Related Claims.) — Appeals from 11 judgments entered June 17, 1964, upon a decision of the Court of Claims. These claims arise out of an unex-

plained automobile accident on Route 9W in the Village of Haverstraw on December 25, 1959, at approximately 3:30 P.M. The police officer who arrived at the scene of the accident found that a 1955 Buick two-door sedan had crashed into a concrete blockhouse located on the west shoulder of Route 9W, approximately three feet, nine inches from the paved portion. The driver and 10 passengers, six of whom were infants ranging in age from two years to nine years, were within the car. Seven of the passengers were dead when the police officer arrived and the driver, although alive at the time, died shortly thereafter. Claimants contend that the State was negligent in permitting an inherently dangerous obstruction to exist within a State highway right of way; in failing to provide adequate warning signs of the existence of such obstruction; in failing to provide the highway with an adequate shoulder; and in failing to utilize proper highway standards with respect to the elevation, grade and curvature of the highway at the site of the accident. The Court of Claims found the State, being in control of a dangerous instrumentality, guilty of negligence in that it failed " either to warn these claimants of the existence of the obstruction, or to provide sufficient guard rails, or to require the elimination of the obstruction ". However, the trial court dismissed the claim holding that the negligence of the State was not the proximate cause of the accident. It is from this determination that claimants have appealed. Where there are several possible causes of an accident, for one or more of which the State is not responsible, a claimant cannot recover without proving that the injury was sustained wholly or in part by a cause for which the State was responsible (*Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188, 195; *Stuart-Bullock* v. *State of New York,* 38 A D 2d 626; *Frohm* v. *State of New York,* 34 A D 2d 724, affd. 28 N Y 2d 703). This was clearly the situation here, and the record is devoid of any proof that the accident was caused wholly or in part by any negligence on the part of the State. Liability may not be imposed upon the State where there has been no showing that any negligence by it could in any way be considered the proximate cause of the accident (see *Stuart-Bullock* v. *State of New York, supra; Gladstone* v. *State of New York,* 23 A D 2d 593, affd. 18 N Y 2d 987). Judgments affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.