■ STEVE'S PIER ONE, INC., et al., Appellants, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated February 3, 1986, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The policy upon which the plaintiffs sue explicitly excludes from coverage flooding, which is defined as "the overflow from a stream or any other body of water. It also means surface water, waves, tidal waves, movements, or spray from any of these, whether driven by wind or not". Viewing the facts in the light most favorable to the plaintiffs, as we must on the defendant's motion for summary judgment, the only reasonable conclusion to be drawn is that the proximate cause of the damage was that water from Long Island Sound, driven by the wind, propelled objects into the damaged building. Where, as here, the water was the proximate cause of the damage, coverage is excluded and, therefore, summary judgment was appropriately granted to the defendant *(see,* 18 Couch, Insurance 2d § 74:704; *cf., Arjen Motor Hotel Corp. v General Acc. Fire & Life Assur. Corp.,* 379 F2d 265; *Perito v Northern Ins. Co.,* 189 Misc 204). Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.