EDWARD HAYTON, an Infant, by JOSEPH HAYTON, His Guardian ad Litem, et al., Appellants, *v.* MARY M. MCLAUGHLIN et al., Respondents.

Argued April 30, 1942; decided July 29, 1942.

*Sidney J. Feltenstein* for appellants. There was evidence from which the jury could have found that the defendants were guilty of the maintenance of a nuisance. (*Shaw* v. *City of New York*, 279 N. Y. 666; *Kirschenbaum* v. *Oschuetz*, 261 N. Y. 519; *Feinman* v. *Rubenstein*, 264 N. Y. 662; *O'Rourke* v. *Castagnola*, 242 App. Div. 638; *Bland* v. *Kaufman*, 249 App. Div. 842; *Heeg* v. *Licht*, 80 N. Y. 579; *Landau* v. *City of New York*, 180 N. Y. 48; *Cohen* v. *City of New York*, 113 N. Y. 532.)

*William C. Chanler*, Corporation Counsel (*Oren Clive Herwitz* and *Paxton Blair* of counsel), for City of New York, respondent. The city may legally permit an abutting lot owner to use as a courtyard a portion of the dedicated street area not presently needed for pedestrian travel. This constitutes a proper and traditional street use, which, carries with it the right to fence in the courtyard for its protection and preservation. Therefore, in the absence of proof that the fence was intrinsically dangerous or negligently maintained, the city could not be guilty of maintaining a nuisance either in law or in fact. (*Tymon* v. *M. L. S. Constr. Co.*, 262 N. Y. 161; *City of New York* v. *Masten*, 174 App. Div. 661; 223 N. Y. 638; *Linton* v. *Coupe*, 138 App. Div. 519; *Dougherty* v. *Village of Horseheads*, 159 N. Y. 154; *Robert* v. *Powell*, 168 N. Y. 411; *McCloskey* v. *Buckley*, 223 N. Y. 187; *Lyman* v. *Village of Potsdam*, 228 N. Y. 398; *Matter of Green* v. *Miller*, 249 N. Y. 88; *Denton* v. *State of New York*, 72 App. Div. 248; *Jewish Hospital of Brooklyn* v. *" John Doe,"* 252 App. Div. 581; *Parsons Brothers* v. *City of New York*, 107 App. Div. 324; 184 N. Y. 604; *Mecca Realty Co.* v. *Kellogg Toasted Corn Flakes Co.*, 166 App. Div. 74; 221 N. Y. 724.)

*Edward T. Costello* for Mary M. McLaughlin respondent. There was no proof that the individual defendant was negligent. (*Greiner* v. *City of Syracuse*, 228 App. Div. 566; 256 N. Y. 688; *Horton* v. *City of New York*, 213 App. Div. 172; *McCloskey* v. *Buckley*, 223

N. Y. 187; *Cameron* v. *Purdue Realty Corp.*, 231 App. Div. 149; *Robert* v. *Powell*, 168 N. Y. 411.)

PER CURIAM. This case was tried upon the theory that it was one of nuisance growing out of negligence. That is a well settled cause of action in this state. *Khoury* v. *County of Saratoga* (267 N. Y. 384), and cases there cited. Since that was the theory of the trial and the basis upon which the case was submitted to the jury under a charge to which no exception was taken, the classifications in the majority opinion in the court below are not applicable. The Adminsitrative Code of the City of New York (L. 1937, ch. 929), section C26–233.0, permits the maintenance of such parts of a structure as project beyond the building line until removal is directed. That section is applicable to non-dangerous encroachments existent at the time of the passage of the Code. The encroachment in this instance was eight feet long by fifteen feet, five inches wide and was enclosed by an eighteen-inch wire fence. It was not a nuisance as a matter of law. The city properly states its position as follows: " While we believe that the foregoing authorities clearly hold that a fence around a courtyard within the street area is not *per se* a nuisance, we do not wish to be understood as arguing that such a fence could, under no circumstances, be found to be a nuisance as a question of fact. On the contrary, we think it is clear that where, from the evidence, a jury may find that the nature or condition of the fence is dangerous to those lawfully using the sidewalk, or where, from the evidence, a jury may find that the remaining sidewalk area is inadequate for pedestrian travel, the question of whether the fence is a nuisance in fact is properly one for the jury." The city may not permit the maintenance of a structure or purpresture in the highway which is foreseeably dangerous, by reason of its form or character, to adult pedestrians or children at play. It was a question of fact for the jury whether the eighteen-inch wire guard or fence in question constituted a substantial foreseeable danger to children playing games. (*Shaw* v. *City of New York*, 253 App. Div. 924; affd., 279 N. Y. 666.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.