MINNIE KAPLAN et al., Respondents, v. CITY OF NEW YORK, Appellant, and ANNA POZIN, Respondent.— Action by plaintiff wife to recover damages for personal injuries, and by plaintiff husband for expenses and loss of services. Plaintiff wife, walking along the sidewalk on a public street while it was hailing and snowing, slipped and fell upon a prong on the top of an iron fence, receiving personal injuries as a result. The fence had been constructed upon a cement coping which extended on the public sidewalk for a distance of nine feet, six inches. This coping, with the fence thereon, enclosed a grass plot in front of an apartment house owned by defendant Pozin. The legal width of the sidewalk was twenty feet and by the existence of the encroachment the walking space on the sidewalk had been reduced to the width of ten feet, six inches. From the sidewalk level to the top of the fence was thirty-five inches. Defendant Pozin purchased the premises with the coping and fence in the same condition, and took possession of the property about nine months prior to the date of the accident. Plaintiff sued both the City and defendant property owner, and the City interposed a cross complaint for recovery over against the property owner. The case was submitted to the jury against both defendants upon the theory of negligence and nuisance arising out of the encroachment on the public sidewalk. The court charged the jury, without exception or further request by the City thereon, that the jury might render a verdict against both defendants, or against one defendant and in favor of the other, or in favor of both defendants. The jury rendered a verdict for plaintiffs against defendant City and in favor of defendant Pozin. The specific subject of the cross complaint was not submitted to the jury but the City moved for judgment upon its cross complaint and defendant Pozin moved for the dismissal of the cross complaint. The court reserved decision upon such motions and thereafter denied the motion of the City, granted the motion of Pozin, and dismissed the cross complaint. Judgment was entered in favor of the plaintiffs against the City upon the original causes of action and in favor of Pozin dismissing the cross complaint interposed by the City. From that judgment the City appeals. Upon appeal by the City from that part of the judgment, as resettled, in favor of plaintiffs, the judgment insofar as appealed from is unanimously affirmed, with costs to plaintiffs. Under the circumstances, the verdict of the jury is not inconsistent since the City acquiesced in the charge to the jury. The rule thus stated became the law of the case and the City cannot now complain. (Saulsbury v. Braun, 223 App. Div. 555, affd. 249 N. Y. 618.) The verdict against the City is not contrary to law or against the weight of the evidence. (Hayton v. McLaughlin, 289 N. Y. 66; Shaw v. City of New York, 253 App. Div. 924, affd. 279 N. Y. 666; Bland v. Kaufman, 249 App. Div. 842; Malloy v. City of New York, 258 App. Div. 989.) Upon appeal by the City from that part of the judgment, as resettled, which dismissed its cross complaint against defendant Pozin, the judgment insofar as appealed from is reversed on the law and the facts, with costs, and judgment is directed in favor of the City and against defendant Pozin, with costs. Upon this record the judgment against the City rests entirely upon the maintenance of a public nuisance by defendant Pozin. As between the City and the defendant Pozin, the City was guilty merely of passive negligence, while Pozin was guilty of affirmative negligence in the maintenance of the dangerous encroachment upon the public highway. (Lobello v. City of New York, 268 App. Div. 880, affd. 294 N. Y. 816; Doyle v. Union Railway Co., 276 N. Y. 453; Moody v. Green, 265 App. Div. 940.) Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.