The infant-plaintiff, a pedestrian, sues to recover damages for personal injuries suffered as the result of a defect in a public sidewalk. The defect was occasioned by failure to repair an open shut-off valve installed and maintained by respondent. Plaintiff recovered judgment against both the appellant and the respondent, and neither appealed from the judgment in plaintiff’s favor. Defendant City of New York, however, appeals from so much of the judgment as dismissed its cross complaint against respondent. Judgment modified on the law by striking out that portion which dismissed the city’s cross complaint and substituting therefor a provision granting judgment in favor of the City of New York against respondent Brooklyn Union Gas Company, as prayed for in the city’s cross complaint. As thus modified, the judgment, insofar as appealed from, is unanimously affirmed, with costs to the appellant. The findings of fact implicit in the verdict are affirmed. Appellant was entitled to recover against respondent by way of indemnity for the loss it sustained by reason of its being compelled to pay the judgment in favor of plaintiff. (Washington Gas Go, v. District of Columbia, 161 U. S. 316; Kaplan v. City of New Tork, 269 App. Div. 856.) The Statute of Limitations (Civ. Prae. Act, § 49) pleaded by respondent is not a defense. A cause of action by way of indemnity does not accrue until actual payment by the appellant of the judgment recovered against it by the plaintiff. (Schubert v. Schubert Wagon Co., 249 N. Y. 253; Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214; City of Rochester, v. Campbell, 123 N. Y. 405, 413.) Present — Hagarty, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ.