STELLA LEONARD, Appellant, *v.* EDWIN A. HAHN, Respondent.

Fourth Department, September 30, 1948.

*Salvador J. Capecelatro* and *Vincent J. Rossi* for appellant.

*John M. Liddy* for respondent.

*Per Curiam.* Plaintiff brought this action in nuisance, claiming that two concrete steps maintained by defendant at the entrance to his building unlawfully obstructed the public sidewalk, and that such obstruction created a dangerous condition causing plaintiff, without fault on her part, to trip and sustain personal injuries. After answer, on defendant's motion for judgment on the pleadings the court at Special Term dismissed

the complaint on the ground that it failed to show compliance with section 23 of the Utica City Charter of 1880 (L. 1880, ch. 539, § 2). We think that such dismissal was error.

Prior to 1923, the Charter of the City of Utica provided that written notice of claim must be given within ten days after injury as a condition precedent to the maintenance of an action against the owner or occupant of property in the city of Utica for damages claimed to have been caused by reason of the defective, unsafe and dangerous condition of a sidewalk adjoining such property. (§ 23; L. 1880, ch. 539, § 2.) Without considering the validity of such a municipal charter provision, we are of the opinion that it was repealed by implication by chapter 658 of the Laws of 1923, entitled " An Act to supplement the general laws, relating to the government of the city of Utica, and to revise and consolidate the local laws relating thereto." While this act placed the duty of removing snow and ice and other obstructions from the sidewalks upon the owner or occupant of the land fronting thereon (§ 35), the provisions of the old charter, above referred to, requiring notice of claim, were entirely omitted, and no reference was made therein to actions against abutting property owners. The rule is well settled that " * * * where a statute is revised, or a series of acts on the same subject are revised and consolidated into one, all parts and provisions of the former act or acts, that are omitted from the revised act, are repealed." (*Pratt Institute* v. *City of New York,* 183 N. Y. 151, 157.) To the same effect are *Matter. of N. Y. Institution* (121 N. Y. 234) and the cases cited therein, particularly *Matter of Southworth* (5 Hun 55) holding that where a statute is revised, and parts of the former statute omitted from the statute revising it, the part so omitted cannot be revived by construction.

Since the complaint, liberally construed, states a cause of action in nuisance (see *O'Neill* v. *City of Port Jervis,* 253 N. Y. 423; *Hayton* v. *McLaughlin,* 289 N. Y. 66) the judgment and order should be reversed on the law, with costs to the appellant to abide the event, and the motion for judgment on the pleadings denied, with $10 costs.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Judgment and order reversed on the law, with costs to the appellant to abide the event and motion denied, with $10 costs.