Willie Tennessee, Respondent, *v.* State of New York, Appellant. (Claim No. 30428.)

Third Department, November 17, 1952.

*Gordon M. Lipetz, Samuel L. Greenberg* and *Erwin G. Greenberg* for respondent.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, and John R. Davison* of counsel), for appellant.

Bergan, J. In walking after dark across a grass plot between a sidewalk and the roadway in Bridgehampton, Willie Tennessee became entangled in a wire, fell against his car which was parked at the curb, and was injured. The wire was strewn on the ground, one end of it attached to the trunk of a tree. It seems to have been used to hold up a Christmas tree which had been taken down some two months before the accident.

It is stipulated in the record that the grass plot on which the accident occurred is within the right of way of the State, but " outside of the traveled portion " of the highway and was " between the curb " and the southerly right of way line. The record shows that the State maintained the traveled portions of the road from curb to curb, but that it was customary for the town to maintain the grass area in the State's right of way

beyond the curb. It does not clearly appear what public authority maintains the sidewalk.

The Court of Claims has entered a judgment in favor of the claimant for his injury. If we assume that it was the duty of the State rather than the town to maintain the grass plot between the roadway and the sidewalk because the area was technically within the right of way lines of the highway, we think this accident does not bring home a liability to the State.

The State has the same duty, but no higher, to anticipate danger than the reasonably prudent man. The wire was not on a portion of the right of way where it would be expected people would walk in the absence of proof of notice of a practice to use it. It was neither on the traveled part of the road itself, the safety of which was the primary risk of the State, nor on a pedestrian walk for which the State had, or had assumed, a responsibility.

A wire left on the ground by some unknown persons for a relatively short time is not the kind of a dangerous structure or condition which would thrust into the vision of the State a notice by construction; and the record is entirely without proof of any actual notice to the State of the existence of the wire on its right of way. The rule of law which makes it unnecessary to show any notice where the danger was affirmatively created by the wrongdoer has, of course, no application to the facts of this case.

Thus the authority of cases like *Hayton* v. *McLaughlin* (289 N. Y. 66) and *Shaw* v. *City of New York* (279 N. Y. 666) gives no firm support to the theory of the State's liability for which claimant contends. The structure which caused the injury to the boy playing baseball in the *McLaughlin* case, and which was within the sidewalk area, was a wire fence eighteen inches high. It was a question of fact, the court held, whether this constituted a foreseeable danger. In the *Shaw* case there was a permanent cement coping extending into the sidewalk which threw a roller-skating child onto a low iron picket fence on top of the coping. There is no fair analogy between this loose wire left on the ground and the permanent structures, noticeably and foreseeably dangerous, which caused the injuries in those cases.

Besides this, it has been usual to hold as a general rule that the State or a municipality is not liable for injuries sustained outside of the traveled or commonly used portions of its public ways. *Lyons* v. *State of New York* (274 App. Div. 1086) and *Bennett* v. *City of Mount Vernon* (243 App. Div. 119) are examples.

The judgment should be reversed on the law and the facts and judgment entered dismissing the claim, with costs to the appellant and the order to be entered should be settled on notice.

FOSTER, P. J., BREWSTER and COON, JJ., concur; HEFFERNAN, J., taking no part.

Judgment reversed on the law and facts and claim dismissed, with costs to the appellant. Settle order on notice.