SAM SCHWARTZ, Plaintiff, *v.* JACK COHEN et al., Doing Business as KONCORD RESTAURANT, Defendants.

Supreme Court, Trial Term, Kings County, January 30, 1953.

*Alex J. Soled* for plaintiff.

*Arthur V. Lynch* for defendants.

BRENNER, J. This is an action to recover for injuries sustained as a result of an assault upon plaintiff by a fellow patron in a bar and grill owned by defendants.

The evidence is as follows: Prior to the assault one of the defendants saw the assailant, who had been dancing near the bar, attempt to steal plaintiff's pocketbook and then to flee the premises, without injury to the plaintiff. When the larceny was attempted the said defendant recognized him as a " trouble maker ". Plaintiff knew the neighborhood to be dangerous and, despite this knowledge and the original occurrence, he sat down at a table and had another drink. Fifteen minutes later the assailant reappeared, reached over his shoulder, picked up an unidentified object from the table, and inflicted the injury. The defendants deny these events but, from all the evidence, I find that they are true. It is not clear how well the attacker was known to the defendants, whether he was a frequent patron and just in what respect he was known to be a troublemaker. It does not appear that defendants made any effort to inform the police of the attempted larceny during the fifteen-minute interval between both events; nor is there any evidence that the defendants were aware of his reappearance or re-entry into the premises prior to the assault itself.

Upon these facts plaintiff, as a patron invitee, claims to have established a cause in negligence for failure of defendants to keep their public place reasonably safe. He contends that in view of the character of the place the assailant should not have been allowed into the premises in the first place. He further contends that following the attempted larceny the police should have been notified at once and that if these measures had been taken the attempted larceny would not have occurred and the assault would have been averted. Undoubtedly the defendants were remiss in their duty in offering their facilities to a known disorderly person for, considering the nature of the place, they should have anticipated trouble. In the circumstances they failed in their duty to afford the plaintiff reasonable protection. (*Tyrrell* v. *Quigley,* 186 Misc. 972; *Percival* v. *Hirzler,* 280 N. Y.

511; *Molloy* v. *Coletti,* 114 Misc. 177.) However, the defendants are not expected to anticipate the unusual and abnormal (*Futterer* v. *Saratoga Assn.,* 262 App. Div. 675). The decisive question, therefore, is whether the defendants could have reasonably anticipated the reappearance of the assailant. No harm befell the plaintiff when the attempted larceny occurred, so, despite such original breach of duty, the subsequent injury does not appear to be proximately related to that breach. The assailant had escaped, fleeing the scene of the crime. Was it natural or normal for defendants to anticipate that the criminal would return within fifteen minutes to commit another crime at the same public scene? A criminal sometimes does return to the scene of his crime but he will not ordinarily do so, within a matter of minutes, to commit a new crime upon his original victim in a public place. Such an event was not foreseeable by the defendants nor was it in natural and continuous sequence of the first crime. In fact the sequence of events was broken by new and independent factors, namely, the fleeing and subsequent sudden return of the criminal, frustrated in the larceny attempt, to inflict injury upon his thus far unharmed victim. Consequently the plaintiff has failed to establish his burden of proof that the injury was the proximate result of the defendants' negligence or failure of duty toward him.

It is claimed that defendants' failure to forthrightly notify the police within a matter of minutes was of itself a failure to take reasonable precautions against further attack upon the plaintiff. This contention is untenable. In this aspect of the case, the facts differ materially from those recited in *Abbott* v. *New York Public Library* (263 App. Div. 314), where the assailant, with homicidal tendencies well known to the defendants, had daily and repeatedly returned to make vicious attacks upon numerous persons and was known to be present by the defendant when he reappeared to attack the invited plaintiff. The vital fact of knowledge by defendants of the possible return of the attacker is wholly lacking in this case. In view of this disposition, it is pointless to examine the question of plaintiff's contributory negligence.

While now academic, the motion made during trial to exclude evidence of payment by defendants to plaintiff is denied because the payment was not intended as a compromise of plaintiff's claim, but rather to avoid difficulty with the Alcoholic Beverage Control Board (*Brice* v. *Bauer,* 108 N. Y. 428).

Judgment for defendants.