Steuer, J.
The jury rendered a verdict for $25,000 in favor of the plaintiff in this personal injury suit. After the verdict plaintiff requested 10 days in which to consider a motion to set the verdict aside as inadequate. Defendant moved to set the verdict aside as against the weight of evidence. Plaintiff has now decided not to make her motion.
Despite the substantial amount of the verdict, when contrasted with verdicts in like suits, it is obviously a compromise. Plaintiff is a young woman having just reached her majority. She was very seriously hurt when hit by defendant’s truck. The story she tells of the occurrence is manifestly inaccurate. She claims that she waited at the curb on the corner of Madison Avenue and 34th Street for the light to turn green for crosstown traffic. When it did, she started across the street. Nothing hindered her progress and she was a young and active person. Nevertheless, she says, that she only reached the middle of the avenue when the light changed to red against her. This could not have happened. It appears that this is her version because all of the evidence shows that the light was green for traffic on the avenue when she was struck and she is at a loss to account for her presence in the roadway otherwise. The sole eyewitness to the accident, other than those involved, gave varying versions of what took place but he was consistent that he left the sidewalk with the light against him but stopped a few feet from the curb when he saw defendant’s truck coming up the avenue. At this point plaintiff passed him and continued on despite his shouted warning of the approaching vehicle. When interviewed by the detectives of the homicide squad within an hour after the accident he gave as the reason for its happening that plaintiff was crossing against the lights.
*890 The Trial Judge who is aware of the sacrosanct character accorded to jury verdicts by appellate courts becomes ever more loathe to set aside such a determination. Perhaps if it were realized how completely confusing are the instructions that must be given in a case where the plaintiff ignores the lights or crosses the streets without looking it would be seen that the Delphic pronouncement is not the consequence of a hard-headed appraisal of the facts but of a losing struggle to interpret a mass of apparently conflicting subtleties. Lawyers and judges learn to thread their way through this maze only after years of study and travail. And even then the mastery is often something less than perfect. But twelve men in a jury box are conclusively presumed to attain a profound understanding after a twenty-minute exposition. Among legal fictions surely this is the most convenient. That convenience bids fair to lead to the hypocritical pronouncement of a rule and the practical enforcement of its opposite.
In this case it is beyond honest answer that on the proof adduced the accident was materially contributed to by the plaintiff’s own conduct and the motion to set aside the verdict is granted.