Harold Baer, J.
This case was tried by the court and a jury. The verdict was in favor of the plaintiff in the sum of $35,000 and defendant moved to set it aside on all available grounds (Civ. Prac. Act, § 549).
The plaintiff sued the Hotel Greenwich Corporation, where he was a guest, for injuries sustained by reason of the action of third parties. It is his contention that two men assaulted him in the lobby or reading room of the hotel; threw him to the ground and kicked him, causing serious injuries; that he had previously advised a guard employed by the hotel, “ two minutes ” before the attack, that the same men had threatened him; that he received assurances of protection from the guard but at the time of the actual attack, though he called for help, no one came to his assistance; that the guard and some 30 to 40 persons were in the room at the time.
The action is based upon negligence of the defendant in failing to protect patrons of the defendant hotel, in failing to provide a guard or guards or in having a guard who negligently failed in his duty. The testimony of the plaintiff with respect to how and where the injury occurred is uncorroborated.
There is no conflict with respect to the medical testimony. The plaintiff, 44 years of age at the time of the incident, suffered serious and permanent injuries which will incapacitate him for life. He suffered a comminuted fracture, five breaks in the right hipbone, extending below the hipbone. Osteomvelitis developed. *703 necessitating several additional operations. There is a 90% loss of motion in the right hip joint, muscle atrophy and a S^-inch shortening of the right leg. There is conflict as to where and how the injury was caused. There is objection by the defendant to the drawing of any inferences from the medical testimony as corroboration for the manner of injury. The defendant requests that the verdict be set aside as a matter of law because defendant hotel breached no duty and did all that a reasonable hotel owner could have done under the particular circumstances; that, in any event, the verdict must be set aside as against the weight of credible evidence. The plaintiff contends that there was a prima facie case so that the verdict may not be set aside as a matter of law; that the unanimous verdict of the jury clearly confirms the jury’s acceptance of plaintiff’s testimony; that even disregarding such testimony, there is sufficient corroborating evidence to sustain the verdict.
The plaintiff had the burden of proving that the accident occurred substantially at the place and in the manner as claimed by him.
The proof of the manner and place of this accident must rest upon plaintiff’s uncorroborated testimony, and this testimony is contradictory, conflicting and incredible.
Plaintiff described the guard on duty to whom he claims he told about the attackers and who, he claims, refused to come to his aid. There is uncontradicted, conclusive testimony that such guard was not employed by the defendant for approximately nine months previous to this incident. Plaintiff swore that he was working steadily for several months prior to and up to the date of the accident. On cross-examination he recanted this testimony. Plaintiff claimed that he paid for his lodging from his own money which he had earned on his job. It was proved conclusively that plaintiff was referred to the defendant by the Municipal Lodging House and his room paid for by the Department of Welfare of the City of New York. Aside from this conflict in testimony, plaintiff’s story of how the accident occurred taxes credulity.
The plaintiff may not have intentionally lied. It is more likely that he actually does not remember or is not entirely competent. Nevertheless, and whatever the reason, a verdict cannot be sustained here based merely on the circumstantial evidence any more than upon the uncorroborated testimony of such an undependable witness. “In order to prove a fact by circumstances there should be positive proof of the facts from which the inference or conclusion is to be drawn. The circumstances themselves must be shown and not left to rest in conjecture, and *704 when shown it must appear that the inference sought is the only one which can fairly and reasonably be drawn from these facts.” (Ruppert v. Brooklyn Hgts. R. R., 154 N. Y. 90, 94; Love v. Baltimore & Ohio R. R., 244 App. Div. 72, 76; 32 C. J. S., Evidence, § 1039.)
The medical testimony is not corroboration of how or where the injury occurred, only as to its seriousness. Perhaps it is proof that a fall from a chair and no more could not have caused so serious a fracture. However, it does not corroborate the attack under the circumstances claimed by the plaintiff.
The jury was charged on the law respecting the responsibility of innkeepers. That the defendant is not an insurer of the safety of its guests; it is bound only to exercise ordinary, reasonable care. There is no fixed degree of care. It depends upon the circumstances of each case. The duty or degree of care to be expected depends upon the danger to be apprehended (Palsgraf v. Long Island R. R. Co., 248 N. Y. 339, reargument denied 249 N. Y. 511). In the case where the defendant is a hotel, the degree of care that the defendant was required to exercise will vary with the grade and quality of the accommodations offered (De Wolf v. Ford, 193 N. Y. 397; McKee v. Sheraton-Russell, Inc., 268 F. 2d 669). The jury was also charged that for the defendant to be liable for injuries caused by third parties, not employees of the hotel, the injury must be the proximate result of some negligence or failure of duty on the part of the defendant and that the danger to be apprehended must have been one that was reasonably foreseeable (Palsgraf v. Long Island R. R., supra; De Wolf v. Ford, supra; McKee v. Sheraton-Russell, Inc., supra; Percival v. Hirzler, 280 N. Y. 511; Schwartz v. Cohen, 204 Misc. 142).
The defendant hotel is a place where assault, theft and kindred events are a daily occurrence. Whether or not defendant performed its duty to its guests under all the circumstances is a question of fact. If plaintiff’s testimony is believable, a jury could well find defendant liable. The defendant in citing many of the afore-mentioned cases loses sight of the facts, if they are to be believed, in the instant case. The plaintiff made out a prima facie case under the law against the defendant hotel if under the circumstances there were insufficient guards or incompetent guards. Particularly is this so if a guard refused to prevent the injury when forewarned and called upon for help. In the cases cited by the defendant the injured party failed to establish freedom from contributory negligence, foreseeability of the occurrence, or that the defendant’s negligence was the proximate cause of the accident (Percival v. Hirzler, supra; *705 Schwartz v. Cohen, supra) or one of the essential elements of plaintiff’s burden of proof.
Likewise, the plaintiff mistakes the meaning of the cases cited by him. None of the cases hold, as plaintiff contends, that a jury verdict may not be set aside unless the evidence is insufficient as a matter of law or plaintiff’s testimony is “ incredible as a matter of law ” (Mott v. Gertz, 146 N. Y. S. 2d 521; Collins v. City of New York, 263 App. Div. 893; O’Hara v. City of Albany, 3 A D 2d 330). They do hold that the court should not set aside a verdict unless it finds that the jury could not reach the conclusion upon any fair interpretation of the evidence. It is too well settled to be disputed that the court may and should set aside a verdict that is against the weight of the credible evidence; where, ‘ ‘ the testimony taxes credulity ’ ’; where the verdict is contrary to and in disregard of undisputed evidence (Gruhn v. Taylor Constr. Co., 180 Misc. 956, affd. 266 App. Div. 954; Politi v. Irvman Realty Corp., 7 A D 2d 414; Cavadi v. New York City Tr. Auth., 7 A D 2d 299).
There is no standard by which to determine when a verdict should be set aside as against the weight of evidence. The decision depends upon the discretion of the court (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 69; General Exch. Ins. Corp. v. New York City Tr. Auth., 20 Misc 2d 2; see Mann v. Hunt, 283 App. Div. 140).
The plaintiff urges that where there is a right to a trial by jury the court cannot take from the jury the ultimate decision of fact; that because it is the judge’s opinion that witnesses are not entitled to credit, the court is not authorized to take the case from the jury; that a jury verdict may be set aside or reversed only if the evidence is insufficient as a matter of law (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241; Imbrey v. Prudential Ins. Co., 286 N. Y. 434; Fealey v. Bull, 163 N. Y. 397). The plaintiff mistakes the meaning of these cases. He fails to distinguish between setting aside a verdict as a matter of law and dismissing the complaint from the right of the court, in its discretion, to set aside a verdict as against the weight of the credible evidence and order a new trial. The courts have protected the right of litigants to trial by jury. If plaintiff has made out a prima facie case, reversal by an appellate court or setting aside a verdict by the trial court will not include a dismissal of the complaint but the case will be remanded for. a new trial. In Imbrey v. Prudential Ins. Co. (supra, p. 441) it was clearly stated that if a verdict is set aside as against the weight of the credible evidence where the plaintiff made out a prima facie case, “ ‘ it [the appellate court] could not reverse *706 upon the law, that is, reverse because there was no evidence to sustain the claim and dismiss the complaint. ’ (Caldwell v. Lucas, 233 N. Y. 248, 254.) ” Therefore, if there is a reversal on the facts in a case where the plaintiff is entitled to a jury trial as a matter of right (N. Y. Const., art. I, § 2), an appellate court could not give final judgment on findings contrary to the findings of the jury. It may, however, grant a new trial (Civ. Prac. Act, § 584, subd. 1). In Fealey v. Bull (supra, p. 403) the court stated: “ [plaintiff’s story] contained improbabilities and may have been open to suspicion; * * * The jury might have discredited the plaintiff ”. While the court would not reverse the Appellate Division, it noted that “ the court, in exercise of its discretion, might have set the finding in her [the plaintiff’s] favor aside and awarded a new trial ”.
The verdict of the jury in the instant case is against the weight of the credible evidence. The very amount of the verdict is confirmation of the fact that the sympathy of the jury brought forth a compromise verdict. The injuries and special damages, if plaintiff’s evidence were to be believed, warranted a much larger verdict. For this reason alone, the verdict should be set aside and a new trial ordered (Resto v. Metropolitan Dist., Inc., 1 Misc 2d 889; Sampson v. Graves, 199 App. Div. 762; Ferguson v. Chuck, 194 App. Div. 583; Yedinak v. City of New York, 91 N. Y. 8. 2d 195, affd. 275 App. Div. 953; Carrousseaux v. City of New York, 127 N. Y. S. 2d 761, 764). However, the reasons set forth previously in this opinion are convincing to the court that it would be unjust to permit this verdict to stand. The verdict is set aside. The case is remanded to the Calendar Part, Trial Term, Part II, for a new trial for January 25,1960.