█ EDITH FRASIER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 38565.) CHARLES L. FRASIER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 38566.) — TAYLOR, J. Appeal by the State of New York from separate judgments entered by the Court of Claims in favor of a wife for personal injuries and in favor of her husband for derivative damages. Claimants cross-appeal from the judgments on the ground of inadequacy. A nail which stuck up from a plank said to have been covered with debris of various kinds pierced the foot of claimant wife on the morning of April 16, 1959 as she entered, for a short distance, upon a narrow strip of land lying beyond a guiderail marking the edge of the travelled portion of a State highway and the outermost limit of the State's fee ownership for the purpose of retrieving a parcel of mail containing curtain rods that her mailbox would not accommodate and which apparently had toppled upon the ground from an upright position in which a postman had recently placed it. It appears that the State's interest in the land traversed was limited to a permanent easement of access acquired to facilitate the performance of work on an adjacent creek bed if such should become necessary to protect the highway. There was no proof that appellant had placed the alleged offending plank upon the property. The trial court found that the status of the claimant wife was that of a licensee and as the predicate of liability that the concealed plank and other conditions prevailing at the accident site "constituted a trap or pitfall." In our view the record does not sustain the trial court's finding of a trap. Nor was it satisfactorily demonstrated that the State intentionally acted in a manner to cause harm to the licensee or that the conditions complained of were in and of themselves unreasonbly or inherently dangerous. Moreover, the State cannot be held to anticipate that a pedestrian using the shoulder of the highway to reach

a mailbox would depart from its travelled portion and step over the cables of a guiderail to enter an area not used generally for travel to pick up a misplaced piece of mail. (*Tennessee* v. *State of New York*, 280 App. Div. 640.) Judgments reversed, on the law and the facts, and claims dismissed, without costs. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur. ·