■ ROBERT J. HAMILTON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 89774.) [716 NYS2d 529] —Judg-

ment unanimously reversed on the law without costs and claim dismissed. Memorandum: Claimant commenced this action seeking damages for injuries he sustained when he was struck by a pickup truck while attempting to cross the road on foot. Claimant's house was located on the east side of a rural road, on the inside of a curve, and the garage and mailbox were located across the road from the house. On the day of the accident, claimant began to cross the road at the end of his driveway, intending to meet a friend who was standing near claimant's garage. The friend alerted claimant that a northbound vehicle was coming around the curve. Claimant took a few steps forward, then changed his mind and tried to retreat toward his driveway. The driver of the truck swerved to the right, striking claimant with the left front end of the truck. Claimant alleged that defendant, State of New York (State), was negligent in failing to maintain the foliage in the right-of-way along the road that limited the sight lines and obstructed the view of motorists approaching the curve. Following a bifurcated trial on liability, the Court of Claims found defendant 100% liable for the accident. We reverse.

Although the State owes a nondelegable duty to the traveling public to maintain its highways in a reasonably safe condition, it is not an insurer of the safety of its highways (*see, Tomassi v Town of Union,* 46 NY2d 91, 97; *Shevalier v Bentley,* 268 AD2d 622, 623). Further, the State will not be liable unless its negligence was a proximate cause of the accident (*see, Shevalier v Bentley, supra,* at 623).

At trial, claimant argued that the State had a duty to remove foliage that limited sight distance on the inside of curves based on the Highway Maintenance Guidelines of the Department of Transportation (DOT). The court erred in relying upon those internal guidelines in determining that the State had such a duty because, under the circumstances Presented in this case, those guidelines impose a higher standard of care than that owed by the State to the traveling public (*see generally, Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, 356, *affd* 79 NY2d 1031, *rearg denied* 80 NY2d 893; *Rivera v New York City Tr. Auth.,* 77 NY2d 322, 329, *rearg denied* 77 NY2d 990; *Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168-169). While the State has a duty to remove foliage that obstructs signs or sight distances at intersections (*see, e.g., Cain v Pappalardo,* 225 AD2d 1005, 1006; *Parada v City of New York,* 205 AD2d 427, 428-429; *Foehner v Bauer,* 126 AD2d

941, 941-942; *McKenna v State of New York,* 91 AD2d 1066), the accident here did not occur at an intersection. In addition, even if the State had a duty to provide proper sight distance on the inside of curves, there was no argument here that the driver of the truck was unable to see approaching vehicles. The State's duty to provide pedestrians with a reasonably safe place to travel (*see, Sanford v State of New York,* 94 AD2d 857, 859) does not extend to the situation here, where claimant was attempting to cross the road in front of his house rather than at an intersection or a designated crosswalk.

Even assuming, arguendo, that the State was negligent in failing to remove the foliage, we conclude that its negligence was not a proximate cause of the accident. Both the driver of the truck and claimant were familiar with the curve in the road and the limited sight distance. The driver of the truck passed by claimant's house on his way to work five times a week, and claimant had resided at that location for 15 years prior to the accident. The driver of the truck testified that, as he approached the curve, he was distracted by the sight of claimant's friend standing on the west side of the road. Although claimant has no memory of the accident, he testified that, if he was standing at the end of his driveway, he could not see around the curve because of the foliage. On the day of the accident, however, claimant made no attempt to walk a short distance along the road to position himself where he could see oncoming traffic. In addition, although claimant testified that he was afraid to cross the road, he did not contact the DOT by letter or phone to request removal of the foliage. Under these circumstances, it cannot be said that the State's failure to remove foliage was a proximate cause of claimant's injuries (*see, Atkinson v County of Oneida,* 59 NY2d 840, 841-842, *rearg denied* 60 NY2d 587).

We therefore reverse the judgment in favor of claimant and dismiss the claim. (Appeal from Judgment of Court of Claims, Lane, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.