Sklavonitis v State of New York (2025 NY Slip Op 01662)

Sklavonitis v State of New York

2025 NY Slip Op 01662

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-00679

[*1]Stephanie Sklavonitis, appellant, 
v
State of New York, respondent. (Claim No. 131317)

The Odierno Law Firm, P.C. (Christian B. Coppinger and Horn Appellate Group, Brooklyn, NY [Lauren E. Bryant, Scott T. Horn, and Christen Giannaros], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Sarah Coco of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Maureen T. Liccione, J.), dated January 5, 2022. The judgment, upon a decision of the same court dated December 8, 2021, made after a nonjury trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
On September 25, 2017, the claimant was injured when, while attempting to cross Route 111 in Islip, she stepped onto the shoulder lane and her foot became stuck in a pothole, whereupon she fell. Thereafter, the claimant filed a claim against the defendant, alleging that the defendant failed to maintain the roadway in a reasonably safe condition. Following a nonjury trial, the Court of Claims dismissed the claim, finding, among other things, that the defendant did not owe the claimant a duty of care. The claimant appeals.
"In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court and this Court may render a judgment it finds warranted by the facts, bearing in mind that due regard must be given to the trial court, which was in a position to assess the evidence and the credibility of the witnesses" (Landmark Ventures, Inc. v H5 Technologies, Inc., 152 AD3d 657, 658; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
The State has a nondelegable duty to maintain its roads and shoulders in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283; Jones v State of New York, 124 AD3d 599, 600). "This obligation is not confined to vehicular traffic alone. The State must provide pedestrians with a reasonably safe place to travel" (Way v State of New York, 94 AD2d 857, 859). However, the State is "not an insurer of the safety of its roadways" (Tomassi v Town of Union, 46 NY2d 91, 97; see Hamilton v State of New York, 277 AD2d 982, 983). "[It] has no duty to maintain its entire right of way in a condition safe for travel by either motorists or pedestrians" (Young v New York Thruway Auth., 76 AD2d 834, 835). The duty to provide pedestrians with a [*2]reasonably safe place to travel extends to the foreseeable uses of a roadway by a pedestrian, and "the State . . . is not liable for injuries sustained outside of the traveled or commonly used portions of its public ways" (Tennessee v State of New York, 280 App Div 640, 641; see Hamilton v State of New York, 277 AD2d at 984; Frasier v State of New York, 24 AD2d 777, 777-778). Generally, the State's duty to provide pedestrians with a reasonably safe place to travel does not extend to the situation where a claimant was attempting to cross the road outside of an intersection or a designated crosswalk (see Hamilton v State of New York, 277 AD2d at 984).
Contrary to the claimant's contentions, the determination of the Court of Claims is supported by the record and warranted by the facts, and should not be disturbed (see Utopia Home Care, Inc. v Revival Home Health Care, Inc., 176 AD3d 900, 901-902).
Here, there is no dispute that when the claimant was attempting to cross the road, she was not at an intersection or a designated crosswalk. The Court of Claims' determination that it was not foreseeable that a pedestrian would walk in the area of the road wherein the claimant attempted to cross outside of the crosswalk and fell and, thus, the defendant had no duty to ensure that the subject area was safe for the claimant, was supported by the record and warranted by facts adduced at trial (see Hamilton v State of New York, 277 AD2d at 984; Frasier v State of New York, 24 AD2d at 777-778; Tennessee v State of New York, 280 App Div at 641). Moreover, contrary to the claimant's contention, the court's determination that the nearby bus stop did not render it reasonably foreseeable that there would be pedestrians walking on the shoulder, was also supported by the record and warranted by the facts (see Hamilton v State of New York, 277 AD2d at 984; Frasier v State of New York, 24 AD2d at 777-778; Tennessee v State of New York, 280 App Div at 641).
In light of our determination, we need not address the claimant's remaining contentions.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court